IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARCIA MOORE,
and ALL OTHERS;
   Plaintiff(s),

v.                                                                    Case No. 1:12-cv-01714-TWT-JFK
                                                             HON.

McCALLA RAYMER, LLC,
CHARLES TROY CROUSE, ESQ., INDIVIDUALLY,
AND AS AN OFFICER OF MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
THOMAS SEARS, ESQ., INDIVIDUALLY, AND AS
AN OFFICER OF MORTGAGE ELECTRONIC
RESGISTRATION SYSTEMS, INC.,
BAC HOME LOAN SERVICING, LP,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS.
   Defendant(s).
_____

J. G. DAVIS & ASSOCIATES, LLC
By:  JOSHUA G. DAVIS (#514674)
Attorney for Plaintiff(s)
P.O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Fax:    (855) 814-3619
_____

**PLAINTIFFS' FIRST RESPONSE TO BAC HOME LOAN SERVICING, LP ("BANA") AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

      NOW COMES the Plaintiff, MARCIA MOORE, through her undersigned

counsel, in the above-captioned matter and files this Plaintiffs' First Response to

~ 1 ~

Defendants' Motion to Dismiss, respectfully showing this Honorable Court the following:

## ANSWERS

1.

Defendant MERS responded to Plaintiffs' Amended Complaint for Damages as an Answer to Defendants' first Motion to Dismiss by filing a 12(b)(5) for lack of service.  However, Plaintiff in fact submitted the Complaint, Summons and Amended complaint to a MERS representative whom was found to be a false representative and Defendant has acknowledged and contacted Plaintiff in regards to this matter and stated they are currently pursuing legal action against William K. Davidson.  Mr. Davidson was falsely representing himself as an agent of MERS; this active deception is not the fault of Plaintiff.  Further, Co-Defendant MERS was itself duped, and Plaintiff should not be held accountable for not discovering what MERS should have known. *See* Exhibit "A" Further; it is bad form for Defendant to assert no service considering previous interactions and letters from them in regards to this matter.  For these reasons Defendants motion is moot and should not be granted.

2.

BANA and MERS (collectively "Co-Defendants") respond to Plaintiffs' Amended Complaint for Damages as an Answer to Defendants' first Motion to Dismiss by filing a 12(b)(5), 12(b)(6) and 8(a) motion to dismiss for failure to state a claim for which relief can be granted.

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). See also *Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997). Hence, in order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

Moreover, "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc.,* 94 F.3d 189, 194 (5th Cir. 1996).

Indeed, Plaintiff has a genuine dispute with Co-Defendants and did not name them frivolously. In fact, Co-Defendants harmed Plaintiff by attempting to take Plaintiff's property without a properly secured interest in said property. The "factual matter" that Co-Defendants claims is absent is, in truth, plainly presented at the forefront of the Amended complaint. *Please See Plaintiff's Amended Complaint Pages 5-8.* Next the statement for "damages" is not indicative of "incomprehensible pleadings." Plaintiff is simply stating relief requested, and the statutes along with case law that make it possible for her to obtain relief under her actual claims. *Please See Defendants' Motion to Dismiss Page 14.* The facts presented at the forefront and referenced throughout the Amended complaint permit Plaintiff to gain a judgment in her favor. Plainly stated Co-Defendants did not have a secured interest in the property at the time they attempted to steal it from the Plaintiff making their actions wrongful; as such, Co-Defendants Motion to Dismiss should not be granted.

3.

Co-Defendants state that Plaintiff's case fails for lack of tendering the amount owed. *Please See Defendants' Motion to Dismiss Page 16.* However, the

case which Co-Defendants cite is not only non-binding but also is not applicable to this case. In *Taylor,* the plaintiff never responded to the defendants' motions; additionally the plaintiff never attempted any contact with defendants before the case began. In the case at Bar, Plaintiff attempted to resolve this issue with previous parties and Co-Defendants cannot give any relief to Plaintiff being they do not have secured interest in the property; but even if they could they were unwilling to assist Plaintiff in this matter. Therefore Defendants Motion to Dismiss should not be granted.

4.

Co-Defendants claim that Plaintiff lacks standing to challenge the assignment because it did not involve her. *Please See Defendants' Motion to Dismiss Pages 16-17.* Plaintiff, in the security deed, provided original creditor power of attorney for the ability to foreclose on property through power of sale in the event of a default, which is additionally assignable. Co-Defendants attempted to obtain this power of sale through improper assignment; naturally Plaintiff would have an interest in the assignment because it gives any party with that interest power of attorney. Furthermore, Co-Defendants state that *Gary Stubbs v. Bank of America, No. 1:11-CV-1367-AT (2012)* is not binding but choose to cite numerous cases throughout their Motion that are themselves inapplicable and irrelevant. *Please See Defendants' Motion to Dismiss Generally.* Moreover, the Court still

recognizes that "the real property interest holds a special place in our legal system as in our society, especially in cases involving the potential loss of that most important, tangible piece of emotional and physical stability – the home." *Stubbs v. Bank of America*.   Therefore, Defendants' motion should not be granted.

To further persuade the Court against Co-Defendants Motion to Dismiss, Plaintiff also asserts that Co-Defendants notice was insufficient under *O.C.G.A §* 44-14-162.2 as seen in *Zephir v. BAC Home Loan Servicing and Bank of America Corporation* 1:11-CV-2429-CAP (2011) which states:

> "Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor."

Plaintiff contends that without the name, address or telephone number for BOA or BAC the "secured" creditor of the loan notice is deficient.  Moreover, this letter was sent May 17, 2011 and the assignment was not filled until June 21, 2011 meaning Co-Defendants were not even close to having a secured interest in the property along with improper notice.  In conjunction with an improper assignment,

this entitles Plaintiff to relief and Co-Defendants Motion to Dismiss furthermore is not being granted.

5.

Co-Defendants claim that their assignment is valid because MERS had the ability to assign the deed. *Please See Defendants' Motion to Dismiss Page 19.* Co-Defendants claim that Mr. Crouse and Mr. Sears are valid signors on behalf of MERS, however they have never been held out in this manner and there is no proof to this assertion. In *Newton v. Social Circle Cotton Mill Co.* 174 Ga. 320; 162 S.E. 667 (1932) the Court states, "[e]vidence of long course of dealing by president of corporation acquiesced in by directors held to establish president's authority to execute deed in corporation's behalf." Again, in *Brown v. Bass* 132 Ga. 41; 63 S.E. 788 (1909) it is further stated "There being no evidence that the president or the treasurer of the corporation was authorized to execute in its behalf the contracts of sale upon which the plaintiff's action was founded, such contracts were properly excluded..." In Plaintiff's checking of records of Co-Defendants there was no account for Mr. Crouse or Mr. Sears being actual employees of MERS. Under this fact there needs to be a power of attorney or corporate resolution. This is supported by *O.C.G.A. §* 14-5-7 and in the revision 2011 Georgia House Bill No. 465 "Any corporation may by proper resolution recorded with the document authorize the execution of such instruments by other officers of the corporation."

Here, even Co-Defendants concede that Mr. Crouse and Mr. Sears *are not* employees of MERS and therefore their signatures are not valid for an assignment and puts signors in the light of "robo-signing". Further, Georgia law recognizes that if the corporate seal is not present on a deed executed by the president and attested by the secretary will not be assumed authorized to be executed. *Village Creations, Ltd. v. Crawfordville Enterprises*, Inc, 232 Ga. 131, 131-133 (1974). If assignments like these are allowed to stand, they will open the flood gates for fraud and bullying by banks in wrongful foreclosure cases and numerous other areas. For these reasons Defendants Motion to Dismiss should not be granted.

6.

Co-Defendants assert there is no "fiduciary duty" owed to Plaintiff to plead and succeed in a claim for Constructive Fraud. *PLEASE SEE DEFENDANTS MOTION TO DISMISS PAGE 24.* However, Plaintiff strongly disagrees with Co-Defendants assumption and asserts they owe Plaintiff the duty to conduct fair and just dealings in relation to the property. "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised..." O.C.G.A. § 23-2-114. Furthermore, based upon *DeGolyer v. Green Tree Servicing, LLC*, 291Ga. App. 444, 448,662 S.E.2d 141, 147 (2008), "Where a grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt, the debtor may sue for damages for the tort of wrongful

foreclosure." Defendants did not have a proper secured interest in the property at the time they began to send notices to Plaintiff, and Plaintiff asserts that they still do not have a secured interest. They have not complied with any of the requirements by law; Therefore, Defendants Motion to Dismiss should not be granted and Plaintiff should be awarded damages as seen fit by this Court.

7.

Defendant asserts they are not considered as a debt collector under the federal Fair Debt Collection Practices Act (FDCPA). *Please See Defendants' Motion to Dismiss Pages* 26-27.  However, Plaintiff asserts FDCPA is applicable to BANA/BAC, but not asserted against MERS. Plaintiff cites the exception to the passage used by Co-Defendant that states if the debt collector "takes or threatens to take any non-judicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." *U.S.C.A.* §1692f (6).  BANA/BAC did not have a valid interest in the Plaintiff's property due to a patent defect in the attempted assignment from MERS to BANA/BAC.  BANA/BAC did not have rights to possession of Plaintiff's property, and, in conjunction with MCR acting as a debt collector on behalf of BANA/BAC, both threatened to take non-judicial action to effect dispossession of Plaintiff's property. These actions violated provisions of the

FDCPA.  Therefore, Defendants Motion to Dismiss for not being a "debt collector" or not meeting a burden should not be granted as a matter of law and form.

8.

Defendant would like for the Court to believe that Plaintiff's claims fail and therefore cannot be granted Damages; this is presumptuous and preposterous.  "In a wrongful foreclosure action, an injured party may seek damages for mental anguish in addition to cancellation of the foreclosure." *DeGolyer v. Green Tree Servicing, LLC*, 291 Ga.App. 444, 662 S.E.2d 141(2008).

"Issues of whether mortgagee's conduct in mistakenly foreclosing on wrong tract of mortgagors' land intentionally, or at least recklessly, caused harm to mortgagors, and whether such conduct was extreme or outrageous, were for jury, in context of claim for wrongful foreclosure, in which mortgagor sought damages for mental anguish." *Id*.

"Damages resulting from wrongful foreclosure, whether arising in tort or contract, are compensable at law." O.C.G.A. § 23-2-114. *Sears Mortg. Corp. v. Leeds Bldg. Products, Inc.*, 219 Ga.App. 349, 464 S.E.2d 907 (1995) "It is not necessary that foreclosure be completed to bring action for wrongful foreclosure." *Id.* "The fact that the foreclosing party did not have legal interest in the property and thus did not have a valid power to sell the property is a cognizable defense for

a wrongful foreclosure claim." *Roylston v. Bank of America, N.A.*, 290 Ga. App. 566, 660 S.E.. 2d 412, Ga. App. (2008).

Plaintiff asserts that Co-Defendants did not have a proper interest in the property, making their actions wrongful and thereby damaging Plaintiff. Co-defendants egregiously harassed and tormented Plaintiff during times when they did not even have a valid legal interest in the property. Therefore, because Defendants improperly began foreclosure proceedings and have damaged Plaintiff in the form of harassment, torment and caused her to spend excess amounts of money to save her home; Plaintiff requests that Defendants Motion to Dismiss is not granted and instead damages, punitive damages and attorney's fees are granted in favor of Plaintiff.

9.

According to Georgia and Federal laws, Plaintiff has asserted all viable claims viable that are of a substantial likelihood of success on the merits. Injuries to a party are clear where a home is involved- the homeowner not only faces homelessness, they also lose a substantial amount of money buying, investing in and fighting for their home. In regards to public interest, parties such as the present Defendants cannot be allowed to misappropriate and steal the property of others, especially when the property is as cherished and necessary as the home. Additionally, Co-Defendants have not asserted their right to receive payments

made to the Court registry in this matter.  Moreover, Plaintiff contends that paying money to Co-Defendants would be blatantly unlawful being that Co-Defendants do not have secured interest in the property.  Therefore, Plaintiff's injunctive relief should be granted, and, in turn, Co-Defendants Motion to Dismiss should not be granted.

## Conclusion

For the reasons stated above, Co-Defendant's Motion to Dismiss should not be granted because Plaintiffs have specifically averred claims in which relief can be granted as a matter of law.


Respectfully Submitted,

This 13th day of July, 2012.


By: /s/Joshua G. Davis
   J. G. DAVIS & ASSOCIATES, LLC
   JOSHUA G. DAVIS (#514674)
   Attorney for Plaintiff(s)
   P. O. Box 7309
   Atlanta, GA 30357
   Phone: (855) 543-2847
   Fax: (855) 814-3619

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARCIA MOORE,
and ALL OTHERS;
Plaintiff(s),
v.                                                          Case No. 12-CV-01714-TWT-JFK
                                                            HON.
McCALLA RAYMER, LLC,
CHARLES TROY CROUSE, ESQ., INDIVIDUALLY,
AND AS AN OFFICER OF MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
THOMAS SEARS, ESQ., INDIVIDUALLY, AND AS
AN OFFICER OF MORTGAGE ELECTRONIC
RESGISTRATION SYSTEMS, INC.,
BAC HOME LOAN SERVICING, LP,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS.
Defendant(s).

_____

J. G. DAVIS & ASSOCIATES, LLC
By: JOSHUA G. DAVIS (#514674)
Attorney for Plaintiff(s)
P.O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Fax: (855) 814-3619
_____

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13th, 2012, I electronically filed the foregoing *Plaintiffs' Amended Complaint for Damages and Injunctive Relief* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record. I further certify that I prepared this document in 14 point Times

~ 13 ~

New Roman font and complied with the margin and type requirements of this Court.

Respectfully Submitted,

    This 13th day of July, 2012.

                    By: /s/Joshua G. Davis
                        J. G. DAVIS & ASSOCIATES, LLC
                        JOSHUA G. DAVIS (#514674)
                        Attorney for Plaintiff(s)
                        P. O. Box 7309
                        Atlanta, GA 30357
                        Phone: (855) 543-2847
                        Fax: (855) 814-3619