IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCIA MOORE<br>and all others,<br><br>        Plaintiff,<br><br>    v.<br><br>MCCALLA RAYMER, LLC,<br>CHARLES TROY CROUSE, ESQ.,<br>individually and as an officer of<br>Mortgage Electronic Registration<br>Systems, Inc., THOMAS SEARS,<br>ESQ., individually and as an officer<br>of Mortgage Electronic Registration<br>Systems, Inc., BAC HOME LOAN<br>SERVICING, LP, MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS,<br><br>        Defendants. | CIVIL ACTION FILE NO.<br><br>1:12-CV-01714-TWT-JFK |

**FINAL REPORT AND RECOMMENDATION**

Pending before the court are Defendants' motions [Docs. 6, 10] to dismiss the

original complaint in this action [Doc. 1-1] and Defendants' motions [Docs. 16, 20] to

dismiss Plaintiff Marcia Moore's complaint as amended [Doc. 14]. Defendants argue

that the complaint(s) should be dismissed for failure to state a claim for which relief

can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. And

Defendant Mortgage Electronic Registration Systems ("MERS") argues that Defendant should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(5) because MERS has not been properly served. Defendants' motions [Docs. 6, 10] to dismiss the original complaint are unopposed. Plaintiff has responded [Docs. 21, 22] to Defendants' motions [Docs. 16, 20] to dismiss the complaint as amended, and Defendants have filed replies [Docs. 23, 24]. The court **RECOMMENDS** that the motions to dismiss [Docs. 6, 10] the original complaint be **DENIED AS MOOT**; that MERS' Rule 12(b)(5) motion [Doc. 16] to dismiss the amended complaint against Defendant be **GRANTED**; that MERS' Rule 12(b)(6) motion [Doc. 16] accordingly be **DENIED** because the court lacks personal jurisdiction over Defendant; and that the remaining Defendants' Rule 12(b)(6) motions [Docs. 16, 20] to dismiss the amended complaint be **GRANTED**.

## I. Facts[1]

---

[1]The facts have been drawn from Plaintiff's complaint and attachments thereto and from documents attached to Defendants' motions to dismiss. When reviewing a Rule 12(b)(6) motion, the court has discretion to determine whether to accept documents beyond the pleadings. See Adamson v. Poorter, 2007 WL 2900576, at *2 (11th Cir. October 4, 2007) (citations omitted). The court has taken judicial notice, see Fed. R. Evid. 201, of the Security Deed, Assignment(s), and Deeds Under Power which are public records. See Harford v. Delta Air Lines, Inc., 2008 WL 268820, at *2 (N.D. Ga. January 30, 2008) (citations omitted). The foreclosure notice, although not a public record, has been taken into consideration without requiring the court to

AO 72A
(Rev.8/82)

Plaintiff Moore entered into a loan agreement with Countrywide Home Loans, Inc. ("Countrywide") in October 2005 and executed a Security Deed granting MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS the property at 1408 Colony East Circle, Stone Mountain, Georgia 30083. [Complaint, ¶ 11; Doc. 20, Exhibit ("Ex.") A, Security Deed].[2] The Security Deed states: "Borrower understands and agrees that MERS holds only legal title . . . but, if necessary . . . has the right to exercise any or all of those interests [granted by Borrower in the Security Deed] including, but not limited to, the right to foreclose and sell the Property[.]" [Security Deed at 1-2].

Plaintiff made the monthly mortgage payments on the loan for five years, until 2010 when she lost her second job. [Complaint, ¶ 13].[3] She was seeking a loan modification with "BAC" and alleges that she "never received any notice as to whether

_____

convert the motions to motions for summary judgment as otherwise required by Rule 12(d), because the exhibit is "central" to the complaint and "undisputed." See Atwater v. NFL Players Assoc., 2007 WL 1020848, at *7 (N.D. Ga. March 29, 2007) (citing Maxcess, Inc. v. Lucent Tech., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005)).

[2]The Security Deed was recorded on November 15, 2005, at Deed Book 18118, Page 106, with the Clerk of Superior Court, DeKalb County.

[3]Plaintiff entered into a second ($12,200) loan agreement with Countrywide on June 7, 2006. [Id., ¶ 12]. "[T]his loan was not the subject of the foreclosure and is not the subject of [Plaintiff's] allegations." [Doc. 16 at 1 n.1].

she was denied [a loan modification] before she was foreclosed upon." [Id., ¶ 14; Doc. 20, Ex. C, Notice of Foreclosure ("Notice")]. On or about May 17, 2010, Plaintiff received a Notice of Foreclosure Sale from McCalla Raymer, LLC ("McCalla") stating that BACHLS, "fka Countrywide Home Loans Servicing LP," was foreclosing on the property. [Complaint, ¶ 15]. She alleges that the Notice identifies the loan servicer as her "creditor." [Id.].

The Notice identifies the loan by *inter alia* a "Servicing Lender's #." [Notice, Doc. 20, Ex. C]. A copy of the Notice of Sale submitted for publication in the legal newspaper showing foreclosure sale scheduled for the first Tuesday in July 2010 is referenced as enclosed. [Id. at 2]. "Bank of America" is identified as the entity with the full authority to negotiate, amend, and modify the terms of the mortgage, and Plaintiff is given information on who to contact to find out more about the foreclosure or if reinstatement of her loan might be allowed. [Id.].[4]

---

[4]The second page of the Notice attached to Plaintiff's complaint is a "SERVICE MEMBERS' CIVIL RELIEF ACT NOTICE" giving a toll free military assistance number. [Complaint, Ex. A]. The Notice attached to the "McCalla Defendants'" (Defendants McCalla, Charles Troy Crouse, and Thomas Sears, collectively) motion to dismiss the complaint includes the second page discussed *infra*, followed by the "SERVICE MEMBERS' CIVIL RELIEF ACT NOTICE." [Doc. 20, Ex. C].

On April 12, 2010, one month before the Notice of Foreclosure to Plaintiff, MERS, acting as Countrywide's nominee, assigned to BACHLS the "Security Deed, the property described therein, and the indebtedness secured thereby" and stated therein that it had also sold and assigned to BACHLS "the note secured by the aforesaid Security Deed . . . to secure the Assignee, its successors, representatives and assigns, in the payment of said note." [Complaint, Ex. B, Assignment, recorded on June 21, 2010, at Deed Book 22013, Page 340, Clerk of Superior Court, DeKalb County]. "C. Troy Crouse" and "Thomas Sears," attorneys with McCalla, signed the Assignment as a "Vice President" and "Assistant Secretary" of MERS; their signatures are witnessed; and the Assignment is notarized. [Id.].

The property was sold at foreclosure on July 6, 2010, to BACHLS, as evidenced by a Deed Under Power which states "IN WITNESS WHEREOF, Lender as Agent and Attorney in Fact for Borrower has hereunto affixed Lender's hand and seal." [Complaint, Exs. E & E1, Deed Under Power, recorded August 2, 2010, at Book 22068, Page 421].[5] The Deed Under Power bears the corporate seal of BACHLS and

---

[5]Plaintiff alleges that the property "was never called out on the steps of the DeKalb County Courthouse." [Id., ¶ 20]. However, the complaint does not allege that this had a chilling effect on the foreclosure price; the original loan amount was $113,295.00, and the property was sold for $119,583.97. [Ex. F].

5

is signed by "Timothy E. Moran - Assist. Vice President" and "Barbara Komisarof - Assist. Vice President" for BACHLS, as "attorney in fact" for "Maria C. Moore." A "*Corrective* Deed Under Power" was recorded at Deed Book 22094, Page 480, on August 18, 2010, to reflect that the borrower's first name is "Marcia." [Id., Exs. F & F1].

On or about March 21, 2012, six-hundred-and-twenty-four days after foreclosure, Plaintiff received a letter from McCalla stating that the property had been foreclosed upon on July 6, 2010, and that she needed to vacate the property. [Id., ¶ 23]. Plaintiff filed this action on April 10, 2012, in the Superior Court of DeKalb County, Georgia, alleging *inter alia* that she "had never received any communication concerning the confirmation of the foreclosure sale[.]" [Doc. 1-1].[6] Bank of America,

---

[6] Confirmation of foreclosure sales is governed by O.C.G.A. § 44-14-161 which provides in pertinent part:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, . . . and at the sale [did] not bring the amount of the debt secured by the deed, . . . no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court . . . that the property . . . brought its true market value . . . .

O.C.G.A. § 44-14-161(a), (b).

N.A. ("BANA"), the successor-by-merger to Defendant BACHLS,[7] and MERS filed notice of removal of the Superior Court action on May 16, 2012, based on federal question(s) in the complaint. [Docs. 1, 1-1].[8]

After Defendants filed motions [Docs. 6, 10] to dismiss the complaint, Plaintiff filed an amended complaint [Doc. 14].[9] The complaint, as amended, contains claims

---

[7]In a merger, "each party . . . continue[s] in, and the parties to the plan shall be, a single corporation . . . which shall have, without further act or deed, all the property, rights, powers, trusts, duties, and obligations of each party to the [merger] plan. . . ." O.C.G.A. § 7-1-536(c). "[T]he necessity of a formal transfer or assignment of the property of the constituent bank to the consolidated bank" is eliminated by the statute. State Bank & Trust Co. v. Newby, 170 Ga. App. 865, 866, 318 S.E.2d 738, 739 (1984) (citations omitted).

[8]After trial on April 30, 2012, DeKalb County Magistrate Court rendered a dispossessory judgment against Plaintiff and ordered that a writ of possession be issued. [Doc. 16 at 7; Ex. B (Order and Judgement of dispossession)]. Plaintiff either had not yet appealed the dispossessory judgment or had not filed a motion to transfer and consolidate such appeal with the Superior Court action at the time of Defendants' notice of removal as filed. Three months later, on August 20, 2012, Plaintiff filed a motion to consolidate her appeal in DeKalb County Magistrate Court with this action. [Doc. 25]. The motion to consolidate was denied because no federal question appeared on the face of the dispossessory complaint. [Doc. 28].

[9]For ease of reference, the amended complaint [Doc. 14] will be referred to as the "complaint" in the court's discussion. An amended complaint generally supersedes the original complaint. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 601 (5th Cir. 1981)); and see Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("'[T]he original pleading is [considered] abandoned by the amendment, and is no longer a part of the pleader's averments

for wrongful foreclosure (Count I), constructive fraud (Count II), and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6), (Count III). [Doc. 14]. Plaintiff seeks compensatory and punitive damages in excess of $500,000 and attorney fees and costs (Count IV) plus injunctive relief (Count V). [Id.]. Each claim in the complaint is based on Plaintiff's general allegations that Crouse's and Sears' signatures look different from their signatures in other transactions which "bring[s] into question [their] actual attestation" of the Assignment and that such "forged" signatures and "no Power of Attorney . . . to sign [for MERS]" causes the "transfer of the property from MERS to BAC to fail . . . and the foreclosure by BAC to be wrongful." [Id., ¶¶ 17-19].

Additional facts will be taken into consideration as needed to address the merits of the motions pending before the court. The court must first address MERS' Rule

_____

against his adversary.'") (citation omitted); Wilson v. First Houston Inv. Corp., 566 F.2d 1235, 1237-38 (5th Cir. 1978) ("As a general rule[,] an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading."), vacated on other grounds First Houston Inv. Corp. v. Wilson, 100 S. Ct. 442 (1979). Plaintiff's amended complaint does not refer to or incorporate the original complaint, and the court therefore **RECOMMENDS** that Defendants' motions [Docs. 6, 10] to dismiss the original complaint be **DENIED AS MOOT**. Only Defendants' motions [Docs. 16, 20] to dismiss the claims asserted against the parties named in the amended complaint are remain pending before the court.

12(b)(5) motion to be dismissed from this action. "'Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served.' . . . Therefore, where a court finds insufficient service, it is 'improper for the district court to . . . reach[ ] the merits in th[e] case and to . . . issue[ ] a dismissal with prejudice[ ]'" as to that defendant. Pelmore v. Pinestate Mortg. Corp., 2010 WL 520767, at *2 (N.D. Ga. February 8, 2010) (citations omitted).

## II.  Rule 12(b)(5)

Plaintiff attempted to serve MERS before removal by hand delivering a copy of the complaint and summons to a "William K. Davidson." [Doc. 1-1 at 27-28, Certificate of Service].  A Rule 12(b)(5) motion challenging sufficiency of service "'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.'" Binns v. City of Marietta Housing Authority, 2007 WL 2746695, at *2 (N.D. Ga. September 18, 2007) (citation omitted); see also Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) ("The party challenging the sufficiency of the service bears the burden of showing it was improper.") (citation omitted).  MERS contends that it was not properly served because Plaintiff did not serve on "an officer, a managing or general agent, or

9

any other agent authorized by appointment or by law to receive service of process for MERS" as required under Fed. R. Civ. P. 4(h)(1). [Docs. 10 at 10, 16 at 11 (internal quotation marks omitted)].

"In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed." Rentz v. Swift Transportation Co., Inc., 185 F.R.D. 693, 696 (M.D. Ga. 1998). "After removal the sufficiency of service of process is determined according to federal law." Id. at 696 (citing 28 U.S.C. § 1448). Federal Rule of Civil Procedure 4(h)(1) provides, in pertinent part:

> Unless federal law provides otherwise . . . , a domestic or foreign corporation . . . must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . .

Fed. R. Civ. P. 4(h)(1) (as amended 2007). Therefore, service of process can be effected upon MERS in one of two ways. "First, it can be effected by '[personally] delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.' . . . In addition, . . . Rule 4(h) allows a party to serve a corporation

10

by effecting service . . . 'pursuant to the law of the state in which the district court is located.'" Mettle v. First Union National Bank, 279 F. Supp. 2d 598, 602 (D. N.J. 2003) (citations omitted). In Georgia, service upon corporations is governed by O.C.G.A. § 9-11-4(e)(1), which requires personal service on "the president or other officer of the corporation, secretary, cashier, managing agent, or other *agent* thereof. . . ." Id. (emphasis added).

MERS' first motion to dismiss put Plaintiff on notice, on May 23, 2012, one week after removal, that Defendant had not been properly served prior to removal because "Mr. Davidson is an unauthorized infringer on MERS' name. . . . He is not and has never been affiliated with MERS, and he is not authorized to accept service on its behalf." [Doc. 10 at 10 (citation omitted)]. Plaintiff amended the complaint to allege: "[W]e have documentation acknowledging the mistaken identity of a MERS representative that even MERS is investigating [sic] therefore Plaintiff cannot be held liable[, and] MERS has now been properly served in conjunction." [Complaint, ¶ 6].

Defendant argues that it has not been properly served after removal because Plaintiff has "merely served all counsel with the [amended complaint] via ECF [and that e]lectronic service is insufficient to serve MERS in this matter, as MERS has not previously been served with a complaint or summons. Moreover, MERS has not

11

waived service, nor did the undersigned [counsel] agree to accept service on behalf of MERS. [And s]ervice on counsel, before proper service has been effectuated [on Defendant], is insufficient service." [Doc. 16 at 11, citing Ga. Process and Service § 8.4].[10] Plaintiff's response is that "Mr. Davidson['s] . . . deception is not the fault of Plaintiff . . . and [that] Plaintiff should not be held accountable for not discovering what MERS should have known." [Doc. 21 at 2].

Plaintiff, who is represented by counsel and ultimately "bears the burden of establishing proof of service of process[,]" Adventure Outdoors, Inc. v. Bloomberg, 519 F. Supp. 2d 1258, 1270 (N.D. Ga. 2007), rev'd on other grounds at 552 F.3d 1290 (11th Cir. 2008), has failed to demonstrate that she effectively served MERS either before or after removal or that she has good cause for not re-serving MERS. Under Georgia law, Plaintiff had to serve MERS prior to removal via service on "the president or other officer of the corporation, secretary, cashier, managing agent, or other *agent* thereof[,]" O.C.G.A. § 9-11-4(e)(1) (emphasis added), which she did not do. [Doc. 10 at 10].

---

[10]See Miree v. United States, 490 F. Supp. 768, 775 (N.D. Ga. 1980) (". . . service upon counsel is ineffectual, unless the party has appointed his attorney his agent for service of process, or it is otherwise authorized by law"); Gould v. Latorre, 227 Ga. App. 32, 33, 488 S.E.2d 116, 118 (1997) ("where personal service on an individual is required, service of process on that individual's attorney usually is not permitted . . . [and t]his is particularly true in cases like this involving service of the very complaint which seeks to initiate suit against a defendant") (citation omitted).

AO 72A
(Rev.8/82)

Under federal law, 28 U.S.C. § 1448, Plaintiff had "an opportunity upon removal . . . to re-serve any Defendants who were improperly served while the matter was pending in state court." Patterson v. Brown, 2008 WL 219965, at *4 (W.D. N.C. January 24, 2008) (citations omitted), rev'd in part on other grounds, Patterson v. Whitlock, 392 Fed. Appx. 185 (4th Cir. 2010). "[T]he 120-day time period for service of process in a removal action runs from the date of the removal . . . ." Id., at *6 (citations omitted). The complaint having been removed on May 16, 2012 [Doc. 1], Plaintiff therefore had until September 13, 2012, to re-serve MERS.

Plaintiff was given notice twice that Defendant had not been properly served: on May 23, 2012, [Doc. 10] and again on June 25, 2012, in Defendant's motion [Doc. 16] to dismiss the complaint as amended after removal, and she has not attempted to re-serve Defendant as required under federal law. Plaintiff has not alleged any facts demonstrating good cause for not re-serving MERS, nor has she requested an extension of time to re-serve Defendant. And, as argued by Defendant, the fact that MERS was aware of the complaint or communicated with Plaintiff's counsel about "William Patterson" does not nullify the requirement that Plaintiff actually serve MERS. [Doc. 23 at 4]. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (upholding dismissal of a *pro se* plaintiff's complaint for failure to serve because "[a] defendant's

13

actual notice is not sufficient to cure defectively executed service") (citation omitted);

accord American Photocopy Equip. Co. v. Lew Deadmore & Assoc., Inc., 127 Ga. App. 207, 209, 193 S.E.2d 275, 277 (1972) ("'Where there has been no service of a suit, or waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit.'") (quoting Piggly-Wiggly Ga. Co. v. May Investing Corp., 189 Ga. 477, 479, 6 S.E.2d 579, 580 (1939)).

Plaintiff having not demonstrated good cause for failing to re-serve Defendant, "the court may in its discretion decide whether to dismiss the case [against MERS] without prejudice or extend time for service." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3rd Cir. 1995); see also Henderson v. United States, 116 S. Ct. 1638, 1641 n.5, 1643 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). Based on the facts discussed *supra*, the court **RECOMMENDS** that MERS' Rule 12(b)(5) motion [Doc. 16] to be dismissed from this action be **GRANTED** and MERS be **DISMISSED** from this action **WITHOUT PREJUDICE** and that MERS' Rule 12(b)(6) motion [Doc. 16] be **DENIED**.

14

## III.    Rule 12(b)(6)

### A.    Standard of Law

On a motion to dismiss under Rule 12(b)(6) for failure to state a claim for which relief can be granted, the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff.  <u>Hardy v. Regions Mortg., Inc.</u>, 449 F.3d 1357, 1359 (11th Cir. 2006); <u>M.T.V. v. DeKalb County School Dist.</u>, 446 F.3d 1153, 1156 (11th Cir. 2006).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim.  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); <u>accord</u> <u>Financial Sec.</u>

15

Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted).

"Factual allegations [in the complaint] must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). A court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which

16

relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). However, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

"Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")). See also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The court will apply these standards in ruling on the McCalla Defendants' and BANA's motions [Docs. 16, 20] to dismiss the complaint.

### B.     Discussion

As argued by Defendants, the complaint fails to meet the pleading requirements under Fed. R. Civ. P. 12(b)(6) and 8(a).  "Plaintiff merely recites the pleading standard

17

[for her claims] and then concludes that she met this standard because she sustained damages and was harmed" without also making supporting factual allegations. [Doc. 23 at 5]. The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint. See Chevy Chase Bank, F.S.B. v. Carrington, 2010 WL 745771, at *4 (M.D. Fla. March 1, 2010) (stating that "[h]uge swaths of the [complaint] are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises - material proper in legal memoranda, but almost never proper in a complaint"). Defendants argue that it is impossible to discern which claims are being asserted against which Defendants. [See, e.g., Doc. 16 at 13]. And assuming that the allegations in the complaint are true and construing the allegations in the light most favorable to Plaintiff, Hardy, 449 F.3d at 1359, the complaint fails to state a claim for which relief can be granted against any Defendant, and allowing Plaintiff to replead her claims a second time would be futile.

**Wrongful Foreclosure**

In Count I, Plaintiff contends that Defendants wrongfully foreclosed on her property. BANA argues that Count I should be dismissed because to "seek any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan[,]" Watkins v. Beneficial, HSBC Mortg., 2010 WL 4318898, at *5 n.10

18

(N.D. Ga. September 2, 2010) (citations omitted), <u>report and recommendation adopted by</u> Watkins v. Beneficial, 2010 WL 4312878 (N.D. Ga. October 21, 2010), and Plaintiff has not alleged that she tendered the amount owing on the loan. [Doc. 16 at 16]. <u>Accord</u> <u>Hill v. Filsoof</u>, 274 Ga. App. 474, 475, 618 S.E.2d 12, 14 (2005) ("'Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due.'") (quoting <u>Coile v. Finance Co. of America</u>, 221 Ga. 584, 585, 146 S.E.2d 304, 305 (1965) (citations and internal quotation marks omitted)).

Plaintiff argues that she "attempted to resolve this issue with previous parties." [Doc. 21 at 5]. However, seeking a loan modification does not give Plaintiff a cause of action for wrongful foreclosure. <u>See, e.g.</u>, <u>Miller v. Chase Home Fin., LLC</u>, 677 F.3d 1113, 1116-17 (11th Cir. 2012) (holding that mortgage borrowers who engage in the loan modification process do not have a private cause of action based on refusal to grant a permanent loan modification); <u>Jean v. American Home Mortg. Servicing, Inc.</u>, 2012 WL 1110090, at *4 (N.D. Ga. March 30, 2012) (same) (citations omitted). Thus, as

19

argued by BANA [Doc. 23 at 7], Plaintiff's "attempts to resolve this issue" do not constitute a tender to pay giving her the right to seek equity.[11]

Defendants further argue that Plaintiff does not have standing to challenge the foreclosure by challenging the validity of MERS' Assignment of the security deed to BACHLS. [Doc. 16 at 16; Doc. 20-1 at 10]. "In order for a third party to have standing to enforce a contract . . . , it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient. It must appear that both parties to the contract intended that the third person should be the beneficiary." Haldi v. Piedmont Nephrology Assoc., P.C., 283 Ga. App. 321, 322-23, 641 S.E.2d 298, 300 (2007) (citation and internal quotation marks omitted).[12] "[C]ourts have repeatedly rejected the argument that a homeowner

---

[11]But see Wideman v. Bank of America, N.A., 2011 WL 6749829, at *2 n.2 (M.D. Ga. December 23, 2011) ("While this would be true if Plaintiff was attempting to enjoin the foreclosure, it does not apply where the foreclosure has already occurred, and Plaintiff is attempting to challenge the procedural or substantive aspects of the sale itself.") (citing Nicholson v. OneWest Bank, 2010 WL 2732325 (N.D. Ga. April 20, 2010), report and recommendation adopted by Nicholson v. OneWest Bank, 2010 WL 2732329 (N.D. Ga. June 7, 2010); Mickel v. Pickett, 241 Ga. 528, 535, 247 S.E.2d 82, 87 (1978)).

[12]But see Sutton v. Bank of America, N.A., 2012 WL 2394533, at *5 (N.D. Ga. April 11, 2012) (expressing doubt that the principles enunciated in Haldi should be applied to a borrower's challenge to the assignment of his security deed, but granting motion to dismiss because the complaint failed to state a claim for which relief can be

AO 72A
(Rev.8/82)

has standing to challenge the assignment of a security deed which grants the assignor a power of sale." Peterson v. Merscorp Holdings, Inc., 2012 WL 3961211, at *10 (N.D. Ga. September 10, 2012) (citing Bandele v. Deutsche Bank Nat. Trust Co., 2012 WL 1004990, at *2 (N.D. Ga. March 22, 2012); Breus v. McGriff, 202 Ga. App. 216, 216, 413 S.E.2d 538, 539 (1991)); accord Adams v. Mortg. Elec. Registration Sys., Inc., 2012 WL 1319453, at *8 (N.D. Ga. April 16, 2012) (denying leave to amend complaint to add wrongful foreclosure claim because plaintiff was not a party to the corrective assignment of the security deed and had no standing to challenge its validity) (citation omitted); Montoya v. Branch Banking & Trust Co., 2012 WL 826993, at *4 n.3 (N.D. Ga. March 9, 2012) (holding that plaintiff did not have standing to challenge assignment as defective due to forgery).[13]

Even if *arguendo* Plaintiff has standing to challenge the Assignment, the complaint fails to state a claim for wrongful foreclosure. Courts have repeatedly held

_____

granted).

[13] Plaintiff's reliance on Stubbs v. Bank of America, 844 F. Supp. 2d 1267 (N.D. Ga. 2012), to show standing [Complaint ¶ 36; Doc. 21 at 5] is misplaced. As Defendants argue, while Stubbs addresses the requirement under O.C.G.A. § 44-14-162.2(a) that a foreclosure notice identify the secured creditor, Stubbs does not address the issue of a borrower's standing to attack an assignment to which the borrower is not a party. [Doc. 23 at 10].

AO 72A
(Rev.8/82)

that MERS has the right to foreclose, see, e.g., Shockley v. EMC Mortg. Corp., 459 Fed. Appx. 821, 822 (11th Cir. 2012) (affirming district court ruling the MERS has right to invoke non-judicial foreclosure proceedings) (citation omitted), and that MERS' involvement and assignment of the security deed "does not, in and of itself, have the effect of voiding a transaction under Georgia law[,]" Sutton, 2012 WL 2394533, at *3 (citation omitted). Further, the Security Deed that Plaintiff signed gave the property to MERS "and to the successors and assigns of MERS" stating:

> Borrower understands and agrees that . . . MERS . . . (as nominee for Lender and Lender's successors and assigns)[ ] has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender . . . .

[Security Deed at 2]. "Having expressly authorized MERS's involvement in the transaction and its right to assign the Deed, Plaintiff cannot challenge [BACHLS'] authority to foreclose . . . ." Alexis v. Mortg. Elec. Registration Systems, Inc., 2012 WL 716161, at *3 (N.D. Ga. March 5, 2012).[14]

---

[14]Plaintiff's wrongful foreclosure claim includes an allegation of intentional infliction of emotional distress. [Complaint ¶ 37]. "[I]ntentional wrongful foreclosure can be the basis for an action for intentional infliction of emotional distress under certain circumstances." Racette v. Bank of America, N.A., -- S.E.2d --, 2012 WL 5205684, at *6 (Ga. App. October 23, 2012) (quoting Blue View Corp. v. Bell, 298 Ga. App. 277, 279, 679 S.E.2d 739, 742 (2009) (internal quotation marks omitted)). However, "'recovery for intentional infliction of emotional distress has been

AO 72A
(Rev.8/82)

Plaintiff also fails to state a wrongful foreclosure claim based O.C.G.A. § 44-14-162.2 which requires that the foreclosure notice properly identify the "secured creditor." See Reese v. Provident Funding Assoc., LLP, -- Ga App. --, --, 730 S.E.2d 551, 554 (2012) ("While a loan servicer may be permitted to send the notice on behalf of the secured creditor, . . . [the notice must] properly identify the secured creditor."). Plaintiff alleges, in the general allegations of the complaint, that the Notice of Foreclosure identifying the loan by a "Servicing Lender's #" wrongly identified the loan servicer as Plaintiff's "creditor." [Complaint, ¶ 15]. "There is a split of authority in this district, with the majority of judges ruling that a secured creditor is the party holding the

───────────────────────

authorized *only* where the defendant's actions were so terrifying or insulting as to naturally humiliate, embarrass or frighten the plaintiff.'" Gaston v. Southern Bell Tel. and Tel. Co., 674 F. Supp. 347, 352 (N.D. Ga. 1987) (citation omitted; emphasis in original). The complaint contains only conclusory allegations that foreclosure was wrongful which caused Plaintiff emotional distress but fails to give "any exposition of how defendants' behavior was extreme and outrageous, or how severe the distress was. . . . [And] plaintiff['s] claim for intentional infliction of emotional distress seems largely subsumed by [her] claim for wrongful foreclosure" and is therefore subject to dismissal. Peterson, 2012 WL 3961211, at *6. To the extent that Plaintiff alleges intentional infliction of emotional distress as a result of tortious conduct by Defendants after foreclosure, the complaint also fails to state a claim for which relief can be granted. Plaintiff was a tenant at sufferance subject to dispossession, and whatever Defendants did during that time period "must be balanced against" her status as a tenant at sufferance in continued possession. Sanders v. Brown, 178 Ga. App. 447, 448, 343 S.E.2d 722, 724-25 (1986).

23

security deed, and a minority of the judges holding that it is only the holder of the promissory note who occupies that position. The Court has recently certified this question to the Georgia Supreme Court, as well as the related question concerning whether the secured creditor must be identified in the foreclosure notice." <u>Peterson</u>, 2012 WL 3961211, at *6 (citations omitted). However, the Assignment attached to Plaintiff's complaint states that MERS conveyed both the security deed and the note to BACHLS and its successors and assigns "to secure . . . payment of said note." [Assignment]. Thus, BACHLS was the secured creditor under either definition, and Defendants did not violate the notice requirements in O.C.G.A. § 44-14-162.2.

The court accordingly **RECOMMENDS** that Defendants' motions to dismiss the wrongful foreclosure claim in the complaint be **GRANTED** and that Count I be **DISMISSED WITH PREJUDICE**.

### Constructive Fraud

In Count II, a claim for constructive fraud,[15] Plaintiff alleges that Crouse's and Sears' signatures as officers of MERS on the Assignment were fraudulent. "A plaintiff must show five elements to establish the tort of fraud: 'a false representation by a

---

[15]"[C]onstructive fraud may be consistent with innocence[,]"; whereas "[a]ctual fraud implies moral guilt[.]" O.C.G.A. § 23-2-51(c).

defendant, scienter, intention to induce plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff.'" APA Excelsior III, L.P. v. Windley, 329 F. Supp. 2d 1328, 1355 (N.D. Ga. 2004) (quoting Stiefel v. Schick, 260 Ga. 638, 639, 398 S.E.2d 194, 195 (1990)); accord Sellers v. Bank of America, Nat. Ass'n., 2012 WL 1853005, at *4 (N.D. Ga. May 21, 2012) ("[T]o avoid dismissal, [Plaintiff] must plead the 'who, what, when, where and how' of the alleged fraud.'") (quoting Mathis v. Velsicol Chemical Corp., 786 F. Supp. 971, 976-77 (N.D. Ga. 1991)); and see Fed. R. Civ. P. 9(b). Plaintiff alleges that Defendants BACHLS and McCalla "knew or should have known" that BACHLS did not have a properly secured and recorded interest in Plaintiff's property "because Crouse and Sears were attorneys for McCalla when they signed as [officers] for MERS." [Complaint, ¶¶ 42, 45].

The McCalla Defendants argue that they cannot have committed constructive fraud because they do not owe Plaintiff a fiduciary duty. [Doc. 16 at 25]. Constructive fraud may occur when a defendant "fails to disclose information he was under a legal or equitable duty to disclose." Prime Management Consulting & Inv. Serv., LLC v. Certain Underwriters at Lloyd's London, 2007 WL 4592099, at *6 (N.D. Ga. 2007) (citing inter alia Eason Pubs., Inc. v. NationsBank of Ga., 217 Ga. App. 726, 730, 458 S.E.2d 899, 903 (1995)). "[I]t is well settled under Georgia law that there is no

25

fiduciary relationship between a borrower and a lender or its agent." Jean, 2012 WL

1110090, at *4 (citing, *inter alia*, Pardue v. Bankers First Federal Sav. & Loan Ass'n,

175 Ga. App. 814, 814, 334 S.E.2d 926, 927 (1985) ("There is . . . no confidential

relationship between lender and borrower or [between a] mortgagee and mortgagor for

they are creditor and debtor with clearly opposite interests.")).

Plaintiff argues in response that Defendants nonetheless breached the statutory

duty under O.C.G.A. § 23-2-114 to exercise fairly the power of sale in the security

deed. [Doc. 21 at 8, citing DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444,

449, 662 S.E.2d 141, 147 (2008)]. "'A claim for wrongful exercise of a power of sale

under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose.'"

291 Ga. App. at 449, 662 S.E.2d at 147 (citation omitted). However, Plaintiff's

allegation that Defendants had no legal right to foreclose is based on the same

allegations discussed *supra* regarding Crouse's and Sears' signatures, that is, that

Crouse and Sears knew that their signatures as officers for MERS were untrue because

they were attorneys with McCalla. [Complaint, ¶¶ 42, 45]. As in Sutton, where a

nearly identical claim was made, Plaintiff's claim that the signatures were fraudulent

"is unsupported by facts sufficient under Rule 8(a), and [P]laintiff has cited no legal

authority for the proposition that the assignment is somehow ineffective because of the

26

allegiances or professional responsibilities of the individuals who signed it." Id., 2012 WL 2394533, at *5. Accord Mcfarland v. BAC Home Loans Servicing, LP, 2012 WL 2205566, at *3 (N.D. Ga. June 14, 2012) ("Plaintiff has failed to state a claim for relief based on the allegation that the Assignment is 'defective' because it was executed by an attorney employed by McCalla Raymer, LLC [ ] who simultaneously served as a Vice President of MERS - a situation that Plaintiff contends created a conflict of interest. . . . Plaintiff has failed to show any support for the assertion that a practicing attorney cannot execute an assignment on behalf of MERS, and the Court has found none.").

Plaintiff also fails to allege how she was damaged as a result of her reliance on the signatures of Crouse and Sears. To state a claim for fraud, Plaintiff must allege specific facts indicating *inter alia* how she justifiably relied on a false representation by Defendants and how she suffered damage as a result of that reliance. APA Excelsior III, L.P., 329 F. Supp. 2d at 1355 (citation omitted). However, any damage that Plaintiff suffered as a result of the foreclosure was the result of defaulting on her loan, not a result of justifiable reliance on the signatures of Crouse and Sears on the assignment of security deed. And any damage, as in expense, sustained as a result of pursuing this legal action is a result of Plaintiff's own business and legal decision, not something

27

proximately caused by Defendants.  See Newkirk v. United Federal Sav. & Loan Ass'n, 165 Ga. App. 311, 312, 299 S. E. 2d 183, 184 (1983).

The court accordingly **RECOMMENDS** that Defendants' motions to dismiss Count II for constructive fraud be **GRANTED** and that Count II be **DISMISSED WITH PREJUDICE**.

### FDCPA Claim

In Count III, Plaintiff alleges that Defendants McCalla and BACHLS violated the FDCPA when they attempted to collect a debt which they were not authorized to collect because "BAC" did not have a present, secured interest in the property.  [Complaint, ¶¶ 49-52].  "In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000) (citations and internal quotation marks omitted).  BANA and the McCalla Defendants contend that they were not engaged in debt collection as defined by the FDCPA.[16]

---

[16]BANA also maintains that it is not a debt collector under the FDCPA.  [Doc. 23 at 13].  "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing

Defendants argue that a person in the business of enforcing security interests, that is, pursuing a nonjudicial foreclosure, is not considered a debt collector under the FDCPA except for purposes of 15 U.S.C. §1692f(6). [Doc. 16 at 26-27; Doc. 23 at 13]. "Under § 1692f(6), a debt collector may not take or threaten to take a consumer's property in a nonjudicial action if (a) there is no present right to the property through an enforceable security interest . . . ." Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460 (11th Cir. 2009) (holding that the FDCPA only applies to a non-judicial foreclosure sale "for the purposes of § 1692f(6)") (citation omitted)]. Plaintiff, quoting the statute, alleges that Crouse and Sears "did not have valid rights to the property . . . ." [Complaint, ¶¶ 49, 51].

However, as Defendants argue, Plaintiff has not disputed that the Assignment of the security deed was a matter of public record prior to the foreclosure sale of the

_____

company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified on other grounds, 761 F.2d 237 (5th Cir. 1985) (citing 15 U.S.C. § 1692a(6)); accord LaCosta v. McCalla Raymer, LLC, 2011 WL 166902, at *6 (N.D. Ga. January 18, 2011) (same). Plaintiff defaulted on the loan at some point in 2010. [Complaint ¶ 13]. The record does not indicate whether this was before or after the Assignment to BACHLS on April 12, 2010. BACHLS was, however, according to the Assignment, "FKA [i.e.,formerly known as] Countrywide Home Loans Servicing, LP," indicating that BACHLS may have been involved with the loan, from Countrywide, prior to the Assignment and, thus, would not be a debt collector.

29

property. [Doc. 20 at 20-21]. The public property records demonstrate that the loan servicer [BACHLS] held both the security deed and the note and was thus in the position of the secured creditor with a present right to exercise the power of sale, as discussed *supra*. The complaint therefore fails to state a claim for relief based on a violation of § 1692f(6). Where there is an "enforceable security interest shown by public records," dismissal of a § 1692f(6) claim is appropriate. Henderson v. BAC Home Loans Servicing, LP, Civil Action No. 1:10-cv-03137, N.D. Ga., Doc. 16 at 13-25 (June 29, 2011), report and recommendation adopted by Doc. 17 (N.D. Ga., July 20, 2011). The court accordingly **RECOMMENDS** that Defendants' motions to dismiss the FDCPA claim be **GRANTED** and that the FDCPA claim be **DISMISSED WITH PREJUDICE**.

The court, having recommended that Counts I through III be dismissed for failure to state a claim for which relief can be granted, further **RECOMMENDS** that Counts IV and V, for damages and injunctive relief based on Counts I through III, be **DISMISSED**.

## IV. Conclusion

The court **RECOMMENDS** that the motions to dismiss [Docs. 6, 10] the original complaint be **DENIED AS MOOT**; that MERS' Rule 12(b)(5) motion [Doc. 16] to

dismiss the amended complaint against Defendant be **GRANTED**; that MERS' Rule 12(b)(6) motion [Doc. 16] accordingly be **DENIED** because the court lacks personal jurisdiction over Defendant; and that the remaining Defendants' Rule 12(b)(6) motions [Docs. 16, 20] to dismiss the amended complaint be **GRANTED**.

The court accordingly **RECOMMENDS** that MERS be **DISMISSED** from this action **WITHOUT PREJUDICE** and that the complaint against the remaining Defendants be **DISMISSED WITH PREJUDICE**.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 08-01 (N.D. Ga. June 12, 2008). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED THIS** 28th day of November, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)